William H. Wilson Jr., Plaintiff in Propria Persona
1624 Gentilly Blvd.,
New Orleans, Louisiana 70119

## UNITED STATES DISTRICT COURT
## DISTRICT OF LOUISIANA

WILLIAM H. WILSON JR.,
    PLAINTIFF

v.

NICHOLAS G. GREST AND HERSCHEL C. ADCOCK,
JR. AND CARRINGTON MORTGAGE SERVICES AND
BANKERS TRUST COMPANY OF CALIFORNIA, N .A.,
AS TRUSTEE OF VENDEE MORTGAGE TRUST
DEUTSCHE BANK NATIONAL TRUST COMPANY
FORMERLY KNOWN AS 1999-2

CASE NO. **20 - 02534**

**SECT. I MAG. 4**

    DEFENDANTS

_____/

### COUNT I – COMPLAINT FOR WRONGFUL FORECLOSURE AND DEMAND TO VACATE SUMMARY JUDGMENT PURSUANT TO CIV. RULE 60 b(1), (3)FOR LACK OF JURISDICTION AND FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. §1692 ET SEQ.

Come now the plaintiff William H. Wilson Jr., "state citizen" and sues the defendant

NICHOLAS G. GREST for Wrongful Foreclosure and to file his Demand to Vacate The Judgment in

Civil District Court case number 2009-11382  pursuant to rule 60 b (1), (3) for lack of jurisdiction. The

district judge obstructed the administration of justice and violated 28 U.S. Code § 636 (the statute

providing jurisdiction) when the district judge reassigned the case down to a lessor judge without

consent from all parties. The  lessor Judge also obstructed the administration of justice and violated the

same statutes when he/she ruled in the case without jurisdiction or consent from all parties. Also, the

attorney who filed the foreclosure case in state court failed to provide a witness or injured party to

provide jurisdiction to the court. The court furthered errored in granting summary judgement because

of the fact statements of counsel in brief or in argument are not facts before the court and are therefore

insufficient for a motion to dismiss or for summary judgment. See: Trinsey v Pagliaro, D.C.Pa. 1964,

X Fee $400.00 pd Receipt # LAE083742
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are

therefore insufficient for a motion to dismiss or for summary judgment. "Mar 28, 2019"

Summary Judgment is improper if the record raises even the slightest doubt that an issue of material

fact exists. Williams v. Lake City, 62 So.2d 732,733 (Fla. 1953); Connell v. Sledge, 306 So.2d 194,196

(Fla. 1st DCA 1975). The judge did not have jurisdiction to grant summary judgment whereby the

judgement must be vacated., and for penalties and actual damages for unfair and deceptive collection

practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2

of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is not the creditor or the assignee of the creditor but is a debt collector as defined

under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the

plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any

provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiff has resided in Parish of Orleans, Louisiana, at the address known as 1624 Gentilly

Blvd., New Orleans, Louisiana, for all times material to this complaint. The defendant is an individual

doing business in the State of Louisiana with its principle place of business at the address of 1505

North 19th Street; Monroe, LA 71201, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims. The defendant is participating in a scheme with the other defendants that involves obtaining the plaintiff's banking, credit and financial information from public records and his credit records, without his consent or knowledge, for the purpose of using this information to fabricate records to give the appearance that the defendant, along with the other defendants, has the right to foreclose against the plaintiff's property and collect money for unpaid balances and obtain tax benefits from the United States for the same false claims.

The subject property that has given rise to this complaint is known as a mortgage, and rights thereunder, and land with fixtures on the land that is encumbered by a mortgage recorded in Parish of Orleans, Louisiana, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a note and mortgage that were dated for February 25th 1999, in Parish of Orleans, Louisiana, in the amount of $58,000. The mortgage secured the payment of a promissory note made payable to SECRETARY OF VETERANS AFFAIRS AN OFFICER OF THE UNITED STATES OF AMERICA the lender stated on the mortgage.

There were no other parties identified as having an interest in this mortgage or having any rights thereunder, within the instruments, (note and mortgage). The plaintiff sent the defendant a notice of dispute and request for validation after receiving a notice of default dated May 18th 2016.

The plaintiff sent a request to the lender and trustee on or about June 7th 2016 requesting verification that the named defendant was transferred, assigned or conveyed the rights under the mortgage and note. No response has been given as of this date. A true and correct copy is included with Exhibit A.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose and has been using the state court system to launder its counterfeit and forged securities and take the plaintiff's property in a consumer debt collection.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same mortgage, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The notices stated that the defendant was a debt collector attempting to collect a consumer debt and that any information obtained would be used for that purpose.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

In June of 2016, the plaintiff sent at least one request to the named lender appearing on the mortgage, AEGIS MORTGAGE CORPORATION, asking for verification that the defendants herein acquired the rights under the mortgage and note. Again, no response was given. A true and correct copy is included with Exhibit A.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiff falsely and deceptively stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a mortgage that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant falsely and deceptively requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions. There are parties which have an interest beyond that of the defendant, who are not identified, yet these interested parties are using the name of the defendant to undertake their false and deceptive collection action. The only other way to say this is to allege that the defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the mortgage and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided

copies of records that anyone could obtain from the county recorder's office.

The defendant has falsely and deceptively represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction. The correspondences sent by the defendant expressed this message while it may not have been written in these words, the plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and

severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. §

1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR WRONGFUL FORECLOSURE AND DEMAND TO VACATE SUMMARY JUDGMENT PURSUANT TO CIV. RULE 60 b(1), (3)FOR LACK OF JURISDICTION AND FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. §1692 ET SEQ.

Come now the plaintiff William H. Wilson Jr., "state citizen" and sues the defendant HERSCHEL C.

ADCOCK, JR. for Wrongful Foreclosure and to file his Demand to Vacate The Judgment in Civil

District Court case number 2009-11382 pursuant to rule 60 b (1), (3) for lack of jurisdiction. The

district judge obstructed the administration of justice and violated 28 U.S. Code § 636 (the statute

providing jurisdiction) when the district judge reassigned the case down to a lessor judge without

consent from all parties. The lessor Judge also obstructed the administration of justice and violated the

same statutes when he/she ruled in the case without jurisdiction or consent from all parties. Also, the

attorney who filed the foreclosure case in state court failed to provide a witness or injured party to

provide jurisdiction to the court. The court furthered errored in granting summary judgement because

of the fact statements of counsel in brief or in argument are not facts before the court and are therefore

insufficient for a motion to dismiss or for summary judgment. See: Trinsey v Pagliaro, D.C.Pa. 1964,

229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are

therefore insufficient for a motion to dismiss or for summary judgment. "Mar 28, 2019"

Summary Judgment is improper if the record raises even the slightest doubt that an issue of material

fact exists. Williams v. Lake City, 62 So.2d 732,733 (Fla. 1953); Connell v. Sledge, 306 So.2d 194,196

(Fla. 1st DCA 1975). The judge did not have jurisdiction to grant summary judgment whereby the

judgement must be vacated., and for penalties and actual damages for unfair and deceptive collection

practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2

of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is not the creditor or the assignee of the creditor but is a debt collector as defined

under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the

plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any

provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiff has resided in Parish of Orleans, Louisiana, at the address known as 1624 Gentilly

Blvd., New Orleans, Louisiana, for all times material to this complaint. The defendant is an individual

doing business in the State of Louisiana with its principle place of business at the address of 1505

North 19th Street; Monroe, LA 71201, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims. The defendant is participating in a scheme with the other defendants that involves obtaining the plaintiff's banking, credit and financial information from public records and his credit records, without his consent or knowledge, for the purpose of using this information to fabricate records to give the appearance that the defendant, along with the other defendants, has the right to foreclose against the plaintiff's property and collect money for unpaid balances and obtain tax benefits from the United States for the same false claims.

The subject property that has given rise to this complaint is known as a mortgage, and rights thereunder, and land with fixtures on the land that is encumbered by a mortgage recorded in Parish of Orleans, Louisiana, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a note and mortgage that were dated for February 25th 1999, in Parish of Orleans, Louisiana, in the amount of $58,000. The mortgage secured the payment of a promissory note made payable to SECRETARY OF VETERANS AFFAIRS AN OFFICER OF THE UNITED STATES OF AMERICA the lender stated on the mortgage.

There were no other parties identified as having an interest in this mortgage or having any rights thereunder, within the instruments, (note and mortgage). The plaintiff sent the defendant a notice of dispute and request for validation after receiving a notice of default dated May 18th 2016.

The plaintiff sent a request to the lender and trustee on or about June 7th 2016 requesting

verification that the named defendant was transferred, assigned or conveyed the rights under the mortgage and note. No response has been given as of this date. A true and correct copy is included with Exhibit A.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose and has been using the state court system to launder its counterfeit and forged securities and take the plaintiff's property in a consumer debt collection.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same mortgage, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The notices stated that the defendant was a debt collector attempting to collect a consumer debt and that any information obtained would be used for that purpose.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

In June of 2016, the plaintiff sent at least one request to the named lender appearing on the mortgage, AEGIS MORTGAGE CORPORATION, asking for verification that the defendants herein acquired the rights under the mortgage and note. Again, no response was given. A true and correct copy is included with Exhibit A.

The plaintiff explained that the reason for these requests were, in part, because none of these

parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiff falsely and deceptively stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a mortgage that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme,

such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant falsely and deceptively requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions. There are parties which have an interest beyond that of the defendant, who are not identified, yet these interested parties are using the name of the defendant to undertake their false and deceptive collection action. The only other way to say this is to allege that the defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the mortgage and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorder's office.

The defendant has falsely and deceptively represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction. The correspondences sent by the defendant expressed this message while it may not have been written in these words, the plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and

severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C.

§ 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – COMPLAINT FOR WRONGFUL FORECLOSURE AND DEMAND TO VACATE SUMMARY JUDGMENT PURSUANT TO CIV. RULE 60 b(1), (3)FOR LACK OF JURISDICTION AND FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. §1692 ET SEQ.

Come now the plaintiff William H. Wilson Jr., "state citizen" and sues the defendant CARRINGTON

MORTGAGE SERVICES for Wrongful Foreclosure and to file his Demand to Vacate The Judgment in

Civil District Court case number 2009-11382  pursuant to rule 60 b (1), (3) for lack of jurisdiction. The

district judge obstructed the administration of justice and violated 28 U.S. Code § 636 (the statute

providing jurisdiction) when the district judge reassigned the case down to a lessor judge without

consent from all parties. The  lessor Judge also obstructed the administration of justice and violated the

same statutes when he/she ruled in the case without jurisdiction or consent from all parties. Also, the

attorney who filed the foreclosure case in state court failed to provide a witness or injured party to

provide jurisdiction to the court. The court furthered errored in granting summary judgement because

of the fact statements of counsel in brief or in argument are not facts before the court and are therefore

insufficient for a motion to dismiss or for summary judgment. See: Trinsey v Pagliaro, D.C.Pa. 1964,

229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are

therefore insufficient for a motion to dismiss or for summary judgment. "Mar 28, 2019"

Summary Judgment is improper if the record raises even the slightest doubt that an issue of material

fact exists. Williams v. Lake City, 62 So.2d 732,733 (Fla. 1953); Connell v. Sledge, 306 So.2d 194,196

(Fla. 1st DCA 1975). The judge did not have jurisdiction to grant summary judgment whereby the

judgement must be vacated., and for penalties and actual damages for unfair and deceptive collection

practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2

of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is not the creditor or the assignee of the creditor but is a debt collector as defined

under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the

plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any

provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiff has resided in Parish of Orleans, Louisiana, at the address known as 1624 Gentilly

Blvd., New Orleans, Louisiana, for all times material to this complaint. The defendant is an individual

doing business in the State of Louisiana with its principle place of business at the address of 1505

North 19th Street; Monroe, LA 71201, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims. The defendant is participating in a scheme with the other defendants that involves obtaining the plaintiff's banking, credit and financial information from public records and his credit records, without his consent or knowledge, for the purpose of using this information to fabricate records to give the appearance that the defendant, along with the other defendants, has the right to foreclose against the plaintiff's property and collect money for unpaid balances and obtain tax benefits from the United States for the same false claims.

The subject property that has given rise to this complaint is known as a mortgage, and rights thereunder, and land with fixtures on the land that is encumbered by a mortgage recorded in Parish of Orleans, Louisiana, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a note and mortgage that were dated for February 25th 1999, in Parish of Orleans, Louisiana, in the amount of $58,000. The mortgage secured the payment of a promissory note made payable to SECRETARY OF VETERANS AFFAIRS AN OFFICER OF THE UNITED STATES OF AMERICA the lender stated on the mortgage.

There were no other parties identified as having an interest in this mortgage or having any rights thereunder, within the instruments, (note and mortgage). The plaintiff sent the defendant a notice of dispute and request for validation after receiving a notice of default dated May 18th 2016.

The plaintiff sent a request to the lender and trustee on or about June 7th 2016 requesting verification that the named defendant was transferred, assigned or conveyed the rights under the mortgage and note. No response has been given as of this date. A true and correct copy is included with Exhibit A.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose and has been using the state court system to launder its counterfeit and forged securities and take the plaintiff's property in a consumer debt collection.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same mortgage, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The notices stated that the defendant was a debt collector attempting to collect a consumer debt and that any information obtained would be used for that purpose.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

In June of 2016, the plaintiff sent at least one request to the named lender appearing on the mortgage, AEGIS MORTGAGE CORPORATION, asking for verification that the defendants herein acquired the rights under the mortgage and note. Again, no response was given. A true and correct copy is included with Exhibit A.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiff falsely and deceptively stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a mortgage that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant falsely and deceptively requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions. There are parties which have an interest beyond that of the defendant, who are not identified, yet these interested parties are using the name of the defendant to undertake their false and deceptive collection action. The only other way to say this is to allege that the defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the mortgage and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided

copies of records that anyone could obtain from the county recorder's office.

The defendant has falsely and deceptively represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction. The correspondences sent by the defendant expressed this message while it may not have been written in these words, the plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and

severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. §

1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT IV – COMPLAINT FOR WRONGFUL FORECLOSURE AND DEMAND TO VACATE SUMMARY JUDGMENT PURSUANT TO CIV. RULE 60 b(1), (3)FOR LACK OF JURISDICTION AND FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. §1692 ET SEQ.

Come now the plaintiff William H. Wilson Jr. and sues the defendant BANKERS TRUST COMPANY

OF CALIFORNIA, N .A., AS TRUSTEE OF VENDEE MORTGAGE TRUST DEUTSCHE BANK

NATIONAL TRUST COMPANY FORMERLY KNOWN AS 1999-2 for Wrongful Foreclosure and to

file his Demand to Vacate The Judgment in Civil District Court case number 2009-11382 pursuant to

rule 60 b (1), (3) for lack of jurisdiction. The district judge obstructed the administration of justice and

violated 28 U.S. Code § 636 (the statute providing jurisdiction) when the district judge reassigned the

case down to a lessor judge without consent from all parties. The lessor Judge also obstructed the

administration of justice and violated the same statutes when he/she ruled in the case without

jurisdiction or consent from all parties. Also, the attorney who filed the foreclosure case in state court

failed to provide a witness or injured party to provide jurisdiction to the court. The court furthered

errored in granting summary judgement because of the fact statements of counsel in brief or in

argument are not facts before the court and are therefore insufficient for a motion to dismiss or for

summary judgment. See: Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment. "Mar 28, 2019"

Summary Judgment is improper if the record raises even the slightest doubt that an issue of material fact exists. Williams v. Lake City, 62 So.2d 732,733 (Fla. 1953); Connell v. Sledge, 306 So.2d 194,196 (Fla. 1st DCA 1975). The judge did not have jurisdiction to grant summary judgment whereby the judgement must be vacated., and for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is not the creditor or the assignee of the creditor but is a debt collector as defined under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes. Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiff has resided in Parish of Orleans, Louisiana, at the address known as 1624 Gentilly Blvd., New Orleans, Louisiana, for all times material to this complaint. The defendant is an individual doing business in the State of Louisiana with its principle place of business at the address of 1505 North 19th Street; Monroe, LA 71201, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims. The defendant is participating in a scheme with the other defendants that involves obtaining the plaintiff's banking, credit and financial information from public records and his credit records, without his consent or knowledge, for the purpose of using this information to fabricate records to give the appearance that the defendant, along with the other defendants, has the right to foreclose against the plaintiff's property and collect money for unpaid balances and obtain tax benefits from the United States for the same false claims.

The subject property that has given rise to this complaint is known as a mortgage, and rights thereunder, and land with fixtures on the land that is encumbered by a mortgage recorded in Parish of Orleans, Louisiana, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a note and mortgage that were dated for February 25th 1999, in Parish of Orleans, Louisiana, in the amount of $58,000. The mortgage secured the payment of a promissory note made payable to SECRETARY OF VETERANS AFFAIRS AN OFFICER OF THE UNITED STATES OF AMERICA the lender stated on the mortgage.

There were no other parties identified as having an interest in this mortgage or having any rights thereunder, within the instruments, (note and mortgage). The plaintiff sent the defendant a notice of dispute and request for validation after receiving a notice of default dated May 18th 2016.

The plaintiff sent a request to the lender and trustee on or about June 7th 2016 requesting verification that the named defendant was transferred, assigned or conveyed the rights under the mortgage and note. No response has been given as of this date. A true and correct copy is included with Exhibit A.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose and has been using the state court system to launder its counterfeit and forged securities and take the plaintiff's property in a consumer debt collection.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same mortgage, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The notices stated that the defendant was a debt collector attempting to collect a consumer debt and that any information obtained would be used for that purpose.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

In June of 2016, the plaintiff sent at least one request to the named lender appearing on the mortgage, AEGIS MORTGAGE CORPORATION, asking for verification that the defendants herein acquired the rights under the mortgage and note. Again, no response was given. A true and correct copy is included with Exhibit A.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiff falsely and deceptively stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a mortgage that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant falsely and deceptively requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions. There are parties which have an interest beyond that of the defendant, who are not identified, yet these interested parties are using the name of the defendant to undertake their false and deceptive collection action. The only other way to say this is to allege that the defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the mortgage and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided

copies of records that anyone could obtain from the county recorder's office.

The defendant has falsely and deceptively represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction. The correspondences sent by the defendant expressed this message while it may not have been written in these words, the plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and

severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. §

1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America,
Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

DATED this _16_ day of September, 2020.

William H. Wilson, Jr., Plaintiff

## LAEDdb_ProSeDocs

**From:** Ods00124Cpc <Ods00124Cpc@OfficeDepot.com>
**Sent:** Wednesday, September 16, 2020 4:25 PM
**To:** LAEDdb_ProSeDocs
**Attachments:** DOC006 (1).pdf

CONFIDENTIALITY NOTICE: The information contained in this email and attached document(s) may contain confidential information that is intended only for the addressee(s). If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution or the taking of any action in reliance upon the information is prohibited. If you have received this email in error, please immediately notify the sender and delete it from your system.

1

## LAEDdb_ProSeDocs

**From:** Ods00124Cpc <Ods00124Cpc@OfficeDepot.com>
**Sent:** Wednesday, September 16, 2020 4:26 PM
**To:** LAEDdb_ProSeDocs
**Attachments:** DOC007 (1).pdf

CONFIDENTIALITY NOTICE: The information contained in this email and attached document(s) may contain confidential information that is intended only for the addressee(s). If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution or the taking of any action in reliance upon the information is prohibited. If you have received this email in error, please immediately notify the sender and delete it from your system.