UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM WILSON, JR.                           CIVIL ACTION

VERSUS                                         NO. 20-2534

NICHOLAS GREST, ET AL.                      SECTION "R" (2)

## ORDER AND REASONS

Plaintiff moves for a temporary restraining order and a preliminary injunction.[1] For the following reasons, the motion is denied.

Pretermitting whether plaintiff satisfied the procedural requirements of Federal Rule of Civil Procedure 65(b)(1), the Court finds that plaintiff fails the substantive test governing the issuance of a temporary restraining order or a preliminary injunction. A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or the

---

[1]     R. Doc. 4 (Case No. 20-2534).

temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, there is no substantial likelihood that plaintiff will prevail on the merits of his claims. Three of plaintiff's four "counts" are precluded under the doctrine of *res judicata*. In the Fifth Circuit, *res judicata*, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). There is a four-part test for claim preclusion: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." *Id.* at 313 (citation omitted). First, in his prior action, *see Wilson v. Grest*, No. 17-2997, 2017 WL 4998651 (E.D. La. Nov. 2, 2017) ("*Wilson I*"), plaintiff sued the same four defendants named in this suit: Nicholas G. Grest, Herschel C. Adcock, Jr., Carrington Mortgage Services, and Deutsche Bank.[2] Second, this Court was a court of competent

---

[2] *See* R. Doc. 1 (Case No. 20-2534); R. Doc. 1 (Case No. 17-2997). In *Wilson I*, Deutsche Bank was improperly identified in the complaint as Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage

jurisdiction. Third, in *Wilson I*, the Court dismissed the claims against Adcock, Carrington Mortgage Services, and Deutsche Bank with prejudice for failure to state a claim—a final judgment on the merits. *See* Fed. R. Civ. P. 41(b); *Eaves v. Doniger*, 277 F.3d 1372 (5th Cir. 2001) (per curiam). As such, the Court finds that the first three requirements of claim preclusion are satisfied.

As to the fourth factor—whether plaintiff raises the same cause of action in this suit—the Court asks "whether the two actions are based on the same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313 (citations omitted). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citations omitted). Plaintiff's complaint in this action is nearly identical to his previous complaint and is based entirely on the same conduct by defendants.[3] The only difference here is that he asserts "wrongful foreclosure" and demands that the Court vacate summary judgment in the

---

Trust Deutsche Bank National Trust Company formerly known as 1999-2. *See* R. Doc. 18 at 1 (Case No. 17-2997). Plaintiff identifies Deutsche Bank the same way in the complaint here. *See* R. Doc. 1 at 1 (Case No. 20-2534).
[3]   *Compare* R. Doc. 1 (Case No. 20-2534) *with* R. Doc. 1 (Case No. 17-2997).

3

state court foreclosure action.[4]  But the factual assertions in plaintiff's new complaint are identical to those in his previous complaint.  Therefore, the Court finds that plaintiff raised the same cause of action in his previous suit.  Consequently, plaintiff's claims are precluded as to defendants Adcock, Carrington Mortgage Service, and Deutsche Bank under the doctrine of *res judicata*.  There is no substantial likelihood that plaintiff can prevail on the merits for these claims, and the Court does not issue a temporary restraining order or a preliminary injunction against these three defendants.

In the prior action, the Court dismissed the complaint against Grest without prejudice for failure to prosecute.[5]  Because this was not an adjudication on the merits, claim preclusion does not apply. *See Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 396 (1990).  Nevertheless, there is no substantial likelihood that plaintiff can succeed on the merits of the claims against Grest.  In *Wilson I*, the Court dismissed the claims against Adcock, Carrington Mortgage Services, and Deutsche Bank because "plaintiff's complaint contain[ed] insufficient factual allegations to raise a right to relief above the speculative level." *Wilson I*, 2017 WL 4998651, at * 4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  Here, plaintiff asserts the

---

4   R. Doc. 1 at 1-2, 8-9, 15-16, 22-23 (Case No. 20-2534).
5   R. Doc. 24 at 1 (Case No. 17-2997).

4

same claims against Grest based on the same factual allegations that he asserted against the other defendants in *Wilson I*.[6] Plaintiff does not allege new facts to establish the plausibility of his allegations. For the same reasons that the Court dismissed plaintiff's claims in *Wilson I*, the Court finds that there is no substantial likelihood that plaintiff will succeed on the merits of his claims against Grest. The Court likewise will not issue a temporary restraining order or a preliminary injunction against Grest.

For the reasons stated, plaintiff's application for a temporary restraining order and a preliminary injunction is DENIED.

New Orleans, Louisiana, this __25th__ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6]   *Compare* R. Doc. 1 at 3-7 (Case No. 20-2534) *with* R. Doc. 1 at 8-13, 14-19, 20-25 (Case No. 17-2997).