UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM WILSON, JR.                                    CIVIL ACTION

VERSUS                                                      NO. 20-2534

NICHOLAS GREST, ET AL.                       SECTION "R" (2)


**ORDER AND REASONS**


Before the Court are the defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Carrington Mortgage Services' ("CMS"),[1] Nicholas Grest's,[2] and Herschel C. Adcock, Jr.'s[3] motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Deutsche Bank and CMS also move in the alternative for a more definitive statement under Rule 12(e).[4]  Plaintiff does not oppose the motions.  Plaintiff has failed to state a claim upon which relief can be granted.  Thus the Court grants the motions and dismisses plaintiff's complaint with prejudice.

---

[1]     R. Doc. 24 (Case No. 20-2534).
[2]     R. Doc. 25 (Case No. 20-2534).
[3]     R. Doc. 30 (Case No. 20-2534).
[4]     R. Doc. 24 (Case No. 20-2534).

## I.    BACKGROUND

This case arises out of a foreclosure and alleged unfair debt collection practices in connection with a mortgage on a home in New Orleans, Louisiana.  The documents attached to plaintiff's complaint show that, on February 25, 1999, plaintiff William Wilson Jr. executed a promissory note and mortgage in favor of the Secretary of Veterans Affairs.[5]  The attachments further indicate that, on June 24, 1999, the note was endorsed by the Department of Veterans Affairs to Bankers Trust Company of California,[6] the predecessor to Deutsche Bank,[7] as trustee for Vendee Mortgage Trust 1999-2.

The evidence indicates that the mortgage entered into foreclosure in 2009.[8]  CMS served as plaintiff's mortgage servicer.[9]  Adcock and Grest

---

[5]      R. Doc. 1-1 at 43 (Case No. 20-2534).

[6]      *Id.* at 44.

[7]      The Court takes judicial notice of plaintiff's previous action before this Court, *Wilson v. Grest, et al.*, Case No. 17-2997 ("*Wilson I*").  As the Fifth Circuit has stated, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007).  In *Wilson I*, Deutsche Bank was improperly identified in the complaint as Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust Deutsche Bank National Trust Company formerly known as 1999-2.  *See* R. Doc. 18 at 1 (Case No. 17-2997).  Plaintiff identifies Deutsche Bank the same way in the complaint here.  *See* R. Doc. 1 at 1 (Case No. 20-2534).

[8]      R. Doc. 1-1 at 25 (Case No. 20-2534).

[9]      *See id.* at 4-24.

represented Deutsche Bank in the foreclosure proceeding against plaintiff in Orleans Civil District Court.[10]

In a previous *pro se* complaint filed on April 7, 2017, plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, against CMS, Deutsche Bank, Adcock, and Grest.[11]   In *Wilson I*, the Court dismissed the claims against Grest without prejudice for failure to prosecute because plaintiff failed to serve Grest with process.[12]   The Court dismissed the other three defendants with prejudice, finding that Deutsche Bank is not a debt collector, and that plaintiff's complaint contained insufficient factual allegations to raise a right to relief above the speculative level.[13]   Plaintiff filed this action ("*Wilson II*") on September 16, 2020.[14]   In *Wilson II*, plaintiff makes nearly identical allegations as in *Wilson I*, but includes a new claim for "wrongful foreclosure," and a demand to vacate the judgment in the state-court foreclosure proceeding.[15]

---

[10]   *See id.* at 57; R. Doc. 1-2 at 36 (Case No. 17-2997).
[11]   R. Doc. 1 (Case. No. 17-2997).
[12]   R. Doc. 24 (Case No. 17-2997).
[13]   R. Doc. 28 (Case No. 17-2997).
[14]   R. Doc. 1 (Case No. 20-2534).
[15]   *Compare* R. Doc. 1 (Case No. 17-2997) *with* R. Doc. 1 (Case No. 20-2534).

3

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Id.*  "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'"  *Hall v. Hodgkins*, 305 F.

App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.  DISCUSSION

### A.    Demand to Vacate State Court Judgment

In plaintiff's complaint[16] and in a separate motion,[17] plaintiff asks the Court to vacate a judgment issued by a Louisiana court.  Specifically, plaintiff alleges that the Louisiana court lacked jurisdiction when it adjudicated a foreclosure proceeding that began in 2009.[18]  Plaintiff attached documents to his complaint showing that the case was an executory process proceeding, and the state court issued a writ of seizure and sale to the Sheriff of Orleans Parish on October 28, 2009.[19]

Plaintiff's demand runs afoul of the *Rooker/Feldman* doctrine, which "holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments."  *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); *see also Brooks v. Flagstar Bank, FSB,* No. 11-67, 2011 WL 2710026, at *3 (E.D. La. July 12, 2011) (applying the *Rooker/Feldman*

---

[16]    R. Doc. 1 (Case No. 20-2534).
[17]    R. Doc. 8 at 2 (Case No. 20-2534).
[18]    R. Doc. 1 at 1 (Case No. 20-2534).
[19]    R. Doc. 1-1 at 30 (Case No. 20-2534).

doctrine to a state court seizure and sale); *Carter v. Deutche Bank Nat. Tr. Co., No.* 10-797, 2010 WL 3074323, at *2 (E.D. La. Aug. 2, 2010) (same).  The *Rooker/Feldman* doctrine applies when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  Plaintiff alleges that the state proceeding has concluded,[20] and, on its face, plaintiff's demand is a collateral attack on the state court's final judgment.  Thus, under the *Rooker/Feldman* doctrine, the Court lacks jurisdiction to consider plaintiff's challenge to the state court proceedings. The Court must dismiss all claims based on these allegations.

## B.   *Res Judicata*

Three of plaintiff's four "counts"—against Deutsche Bank, CMS, and Adcock—are precluded under the doctrine of *res judicata*.  In the Fifth Circuit, *res judicata*, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90,

---

[20]    R. Doc. 1 at 1 (Case No. 20-2534).  Although plaintiff did not attach the entirety of the record from the state court proceeding, he alleges that the state court granted summary judgment.  *Id.*

94 (1980)).  There is a four-part test for claim preclusion: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits."  *Id.* at 313 (citation omitted). First, in his prior action, *see Wilson I*, No. 17-2997, 2017 WL 4998651 (E.D. La. Nov. 2, 2017), plaintiff sued the same four defendants named in this suit: Deutsche Bank, CMS, Adcock, and Grest.[21]  Second, this Court was a court of competent jurisdiction.  Third, in *Wilson I*, the Court dismissed the claims against Deutsche Bank, CMS, and Adcock with prejudice for failure to state a claim—a final judgment on the merits.[22]  *See* Fed. R. Civ. P. 41(b); *Eaves v. Doniger*, 277 F.3d 1372, 2001 WL 1485732, at *1 (5th Cir. 2001) (per curiam). The Court finds that the first three requirements of claim preclusion are satisfied.

As to the fourth factor—whether plaintiff raises the same cause of action in this suit—the Court asks "whether the two actions are based on the

---

[21]    *See* R. Doc. 1 (Case No. 20-2534); R. Doc. 1 (Case No. 17-2997).  In *Wilson I*, Deutsche Bank was improperly identified in the complaint as Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust Deutsche Bank National Trust Company formerly known as 1999-2. *See* R. Doc. 18 at 1 (Case No. 17-2997).  Plaintiff identifies Deutsche Bank the same way in the complaint here.  *See* R. Doc. 1 at 1 (Case No. 20-2534).

[22]    R. Doc. 28 at 11 (Case No. 20-2534).

same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313 (citations omitted). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citations omitted).  Plaintiff's complaint in this action is nearly identical to his previous complaint and is based entirely on the same conduct by defendants.[23]   The only difference here is that he asserts "wrongful foreclosure" and demands that the Court vacate summary judgment in the state court foreclosure action.[24]  But the factual assertions in plaintiff's new complaint are identical to those in his previous complaint.  Therefore, the Court finds that plaintiff raised the same cause of action in his previous suit. Consequently, plaintiff's claims are precluded as to defendants CMS, Deutsche Bank, and Adcock under the doctrine of *res judicata*.  The Court grants these defendants' motions to dismiss.

## C.   Claims Against Nicholas Grest

The only remaining defendant is Nicholas Grest.  On September 26, 2016, Grest enrolled as counsel of record for Deutsche Bank in the state

---

[23]    *Compare* R. Doc. 1 (Case No. 20-2534) *with* R. Doc. 1 (Case No. 17-2997).

[24]    R. Doc. 1 at 1-2, 8-9, 15-16, 22-23 (Case No. 20-2534).

foreclosure proceeding.[25]    Against Grest, plaintiff alleges "wrongful foreclosure" and several violations of the FDCPA.[26]

### 1.    Wrongful Foreclosure

Plaintiff alleges that Grest committed the tort of wrongful foreclosure.[27]  In *Montalvo v. Sondes*, 637 So.2d 127, 130 (La. 1994), the Louisiana Supreme Court held that a plaintiff may not sue an adversary's attorney for negligence or malpractice.  On the other hand, the *Montalvo* court held that a plaintiff may bring a cause of action against an adversary's attorney for an intentional tort, but must allege "specific malice or an intent to harm on the part of the attorney . . . ." *Id.*

Here, plaintiff does not allege that Grest had the requisite malice or intent to harm.  In the complaint, plaintiff alleges that the attorney in the foreclosure action did not provide a witness or injured party, and therefore failed to establish the state court's jurisdiction.[28]  The Court finds that plaintiff has not alleged "specific malice" or "intent to harm" on Grest's part. *Id.*  Plaintiff has failed to state a claim for wrongful foreclosure against Grest, and the Court must dismiss this claim.

---

[25]    R. Doc. 1-2 at 36 (Case No. 17-2997).
[26]    R. Doc. 1 at 1-8 (Case No. 20-2534).
[27]    *Id.* at 1.
[28]    *Id.* at 1-2.

>    2.   *FDCPA Claims*

Without specifying which defendants committed the alleged violations of the FDCPA, plaintiff generally asserts that the defendants made various false or misleading representations in violation of 15 U.S.C. § 1692e.[29] Courts have rejected plaintiffs' group pleading of this nature. *See Middleton v. Parrish Snead Franklin Simpson, PLC*, No. 16-1217, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017) ("A plaintiff cannot simply offer broad allegations against all of the defendants lumped together, but instead must give each defendant fair notice of the factual allegations asserted against them individually."); *Del Castillo v. PMI Holdings N. Am. Inc*, No. 14-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).   Furthermore, plaintiff's allegations, even if made specifically against Grest, are fatally deficient. Plaintiff alleges that he reached a mortgage agreement with the Secretary of Veterans Affairs on February 17, 1999.[30]  In plaintiff's view, the defendants had no rights under that agreement—only the VA did.[31]  Thus, when the defendants sought to collect on the mortgage and eventually engaged in

---

[29]   *Id.* at 4-8.
[30]   *See* R. Doc. 1-1 at 43 (Case No. 20-2534).
[31]   R. Doc. 1 at 3 (Case No. 20-2534).

foreclosure proceedings, those efforts were based on the allegedly false premise that the defendants had such rights.[32]

Plaintiff's theory is unsupported by factual allegations. Indeed, documents that plaintiff attached to his complaint contradict his version of events. Specifically, as noted, documents attached to plaintiff's complaint suggest that, on June 24, 1999, the promissory note was endorsed by the Department of Veterans Affairs to Bankers Trust Company of California— now Deutsche Bank—as trustee for Vendee Mortgage Trust 1999-2.[33] Because Deutsche Bank acquired the mortgage in June 1999, plaintiff's allegations that the defendants had no rights pursuant to the mortgage agreement lack merit. Accordingly, the Court finds that plaintiff has not plausibly alleged that Grest made false or misleading representations.

Additionally, plaintiff states that he requested verification of the debt in June 2016, but did not receive a response—an alleged violation of 15 U.S.C. § 1692g.[34] Specifically, the complaint alleges that plaintiff received a notice of default dated May 18, 2016, and sent a notice of dispute and request for validation to the lender and trustee on or about June 7, 2016.[35] Plaintiff

---

[32]   *Id.* at 3-8.
[33]   R. Doc. 1-1 at 44 (Case No. 20-2534).
[34]   R. Doc. 1 at 4 (Case No. 20-2534).
[35]   *Id.* at 3-4.

states that he sent at least one request in June 2016 to the named lender appearing on the mortgage, Aegis Mortgage Corporation, asking for verification of the assignment of the mortgage.[36]   Aegis Mortgage Corporation is not a party to this case, and plaintiff does not allege facts to support his § 1692g claim against any of the named defendants.

In sum, regarding plaintiff's claims against Grest, the Court finds that plaintiff's complaint contains insufficient factual allegations to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.  Plaintiff's assertions are conclusory and inconsistent with the documents included in his own exhibit. Plaintiff has not responded to defendants' motions to dismiss or sought leave to amend his complaint. Because plaintiff's allegations are contradicted by the documentary evidence, the Court finds that amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court must dismiss plaintiff's FDCPA claims with prejudice.

---

[36]     *Id.* at 4.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim upon which relief can be granted.  The Court ORDERS plaintiff's complaint DISMISSED.


New Orleans, Louisiana, this __20th__ day of January, 2021.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13